UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. CUA,<br><br>    Petitioner,<br><br>    v.<br><br>W. L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. 15-cv-01119-VC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 13, 14, 20, 21 |

Joseph G. Cua has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in the San Mateo County Superior Court. The respondent has filed a motion to dismiss the petition as untimely, which is granted.

## BACKGROUND

On June 12, 2008, a jury convicted Cua of two counts of first degree murder, with special circumstances of multiple murder and a weapon enhancement. *People v. Cua*, 191 Cal. App. 4th 582, 590 (2011). In December 2008, Cua was sentenced to consecutive terms of life imprisonment without the possibility of parole. *Id.* Cua appealed. On January 3, 2011, in a published decision, the California Court of Appeal affirmed the judgment. *Id.* at 585. On April 20, 2011, the California Supreme Court denied review. Ex. A.

On October 23, 2012, Cua filed a petition for a writ of habeas corpus in the San Mateo County Superior Court. Pet., Ex. 17. The petition was denied on April 4, 2013. *Id.* On September 30, 2014, Cua filed a petition for a writ of habeas corpus in the California Court of Appeal, which was denied on October 28, 2014. Ex. C. On January 21, 2015, the California Supreme Court denied Cua's petition for review. Ex. B.

On March 3, 2015, Cua filed this federal petition for a writ of habeas corpus.

**DISCUSSION**

**I. Applicable Limitations Period**

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitions filed by prisoners challenging noncapital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the date the time expires for seeking direct review, whichever is later. 28 U.S.C. § 2244(d)(1)(A). Cua's judgment became final on July 19, 2011, ninety days after the California Supreme Court denied review, when the time for filing a petition for a writ of certiorari expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of direct review includes time within which petitioner can file petition for writ of certiorari from United States Supreme Court). The deadline for Cua to file his federal habeas petition expired one year later, on July 19, 2012. He filed the petition on March 3, 2015, more than two years after the federal limitations period expired. Therefore, unless Cua qualifies for statutory or equitable tolling, the petition is untimely.

**II. Statutory Tolling**

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, the statute is not tolled for state court petitions filed after the AEDPA deadline has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d)(2) does not permit the renewal of the limitations period that has ended before the state petition was filed).

Cua filed his state habeas petition on October 23, 2012, after the federal limitations period had expired. Therefore, statutory tolling does not apply. Cua does not argue that statutory tolling applies, but makes an argument about the California limitations period, which concerns procedural default in state court. This argument is not relevant to respondent's motion which addresses the federal statute of limitations.

**III. Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if

2

1  he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
2  circumstance stood in his way and prevented timely filing." *Id.* at 649; *Miles v. Prunty*, 187 F.3d
3  1104, 1107 (9th Cir. 1999). "The threshold necessary to trigger equitable tolling under AEDPA is
4  very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th
5  Cir. 2002). The petitioner must show that "the extraordinary circumstances were the cause of his
6  untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on
7  time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Where a prisoner fails to show "any
8  causal connection" between the grounds upon which he asserts a right to equitable tolling and his
9  inability to timely file a federal habeas petition, equitable tolling will be denied. *Gaston v.*
10 *Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

11 Cua acknowledges that he received his trial transcripts from his appellate attorney, but
12 argues that he is entitled to equitable tolling because his trial attorney did not send him necessary
13 trial exhibits until he filed an order to compel discovery.

14 Although the deprivation of legal materials may warrant equitable tolling, the petitioner
15 bears the burden of showing that the lack of access to his materials was an extraordinary
16 circumstance that caused him to file his petition late by pointing to specific instances where he
17 needed a particular document. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir.
18 2009); *Chafffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Cua describes his habeas claims
19 but does not explain why he could not have presented them based on the record in his possession
20 or what missing documents he needed to assert them. This omission is particularly relevant
21 because many of Cua's claims, such as instructional error, misuse of the media and prosecutorial
22 misconduct appear to be based on the record, which Cua possessed. Furthermore, Cua had his
23 own memory of the trial and, thus, most likely knew of the factual bases of many, if not all, of his
24 claims. *See Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (lack of legal files not ground for
25 equitable tolling if petitioner knows factual bases of his claims).

26 Cua cites *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), to support his equitable tolling
27 argument. In *Spitsyn*, the court held that equitable tolling was warranted where the petitioner
28 retained an attorney to prepare and file a habeas petition, but the attorney failed to do so and

3

1  disregarded requests to return the files pertaining to the petitioner's case. *Id.* at 801-02
2  (remanding for further proceedings about petitioner's diligence). *Spitsyn* does not apply to Cua's
3  situation. Unlike the petitioner in *Spitsyn*, Cua had the state court trial transcripts in his possession
4  and Cua himself, rather than his attorney, was responsible for filing his petition.

5  Accordingly, equitable tolling is not warranted on the basis of Cua's trial attorney's delay
6  in providing trial exhibits.

**IV. Actual Innocence**

If the failure to hear untimely constitutional claims would result in a miscarriage of justice, the claims may proceed. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id.* at 314–15. A petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* at 324.

Cua argues he has always maintained his innocence and, if the jurors at his trial "had been presented with the information contained in Cua's habeas petition, it is much more likely than not that [he] would have been found innocent." Opp. at 12. Rather than specifically describe any new reliable evidence, this statement merely refers to unspecified evidence in Cua's habeas petition. This is insufficient to pass through the *Schlup* gateway. Moreover, Cua's assertion of actual innocence is belied by the California Court of Appeal's detailed discussion of the evidence on direct appeal.

4

**V. Cua's Motions**

Cua has filed motions to compel post-conviction discovery, to grant his habeas petition, and to clarify that he did not receive the respondent's reply brief. Because the Court has granted the motion to dismiss based on untimeliness, the first two motions are denied as moot. In regard to the third motion, the docket shows that, on August 17, 2015, the respondent re-mailed his reply brief to Cua. Therefore, the third motion is also denied as moot.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Court denies Cua's motions as moot. Dkt. Nos. 13, 20 and 21.

2. The Court grants the motion to dismiss the petition as untimely. Dkt. No. 14.

3. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

4. The Clerk of the Court will issue a separate judgment, terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: September 16, 2015

_____
VINCE CHHABRIA
United States District Judge